UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
FLORIDA MIAMI DIVISION
IN ADMIRALTY

CASE NO.

ROBYN DUPONT,

Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
d/b/a ROYAL CARIBBEAN GROUP,

Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, ROBYN DUPONT, is a citizen of Florida.

2. Defendant, ROYAL CARIBBEAN CRUISES, LTD., d/b/a ROYAL CARIBBEAN GROUP, ("RCCL"), is a foreign corporation having its principal place of business in Florida.

3. This matter falls under the admiralty and maritime jurisdiction of this Court.

   a. The Plaintiff demands a jury trial pursuant to the Saving to Suitors Clause of 28 U.S.C. § 1333. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333 because RCCL unilaterally inserts a forum clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this Federal District and Division,* as opposed to any other place in the world.

4. Defendant, at all times material hereto, personally or through an agent:

a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b. Was engaged in substantial activity within this state;

c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 and/or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f. Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Serenade of the Seas*.

5. Defendant is subject to the jurisdiction of the Courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

### ALLEGATIONS COMMON TO ALL COUNTS

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Serenade of the Seas*.

8. At all times material hereto, Defendant had exclusive custody and control of the *Serenade of the Seas* vessel.

9. On or about February 4, 2023, the Plaintiff was a paying passenger on Defendant's vessel, the *Serenade of the Seas*, which was in navigable waters.

10. On or about February 4, 2023, Plaintiff was severely injured when an employee of RCCL struck her with a luggage trolley and caused her to fall.

11. The plaintiff was injured by the direct negligent actions of the Defendant's employee.

### COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through eleven (11) as though alleged originally herein.

12. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

13. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

14. On or about February 4, 2023, the Plaintiff was walking on a ramp located on the subject vessel. This is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

15. On or about February 4, 2023, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

    a. Failure to adequately warn the Plaintiff that she would or could be struck by a luggage dolly; and/or

    b. Failure to adequately warn the Plaintiff of the risks and/or dangers posed to her, due to improper and/or inadequate, use of the luggage trolleys; and/or

    c. Other negligent acts and/or omissions that may be revealed in discovery.

16. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because the Plaintiff's incident would not have occurred had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

17. At all times material hereto, the employee was negligent in the use of the luggage cart/dolly.

18. As a direct and proximate result of the negligence of Defendant's employee, Plaintiff was

injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, lost wages, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

### COUNT II – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through eleven (11) as though alleged originally herein.

19. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

20. On or about February 4, 2023, Defendant and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care through the following acts and/or omissions:

    a. Failing to use the luggage cart/dolly with reasonable care under the circumstances causing it to strike and injure Plaintiff; and/or

    b. Failing to ensure the subject luggage trolleys weren't used in a hazardous and/or dangerous way; and/or

    c. Failing to adequately and regularly monitor and/or oversee the use of luggage carts/dollies by its employees; and/or

    d. Failing to promulgate and/or enforce adequate policies and procedures to ensure that the luggage carts/dollies were used properly, safely and did not present a danger to

passengers; and/or

e.  Failing to utilize a reasonably safe transportation of luggage in light of the anticipated traffic and anticipated purpose of the area; and/or

f.  Other negligent acts and/or omissions that may be revealed in discovery.

21. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

22. At all times material hereto, the Defendants employee acted negligently while using a luggage cart/dolly causing it to strike Plaintiff and injuring her.

23. As a direct and proximate result of the negligence of Defendants employee, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from the incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Respectfully submitted,

*/s/Adam Brum, Esquire*_____
Adam Brum, Esquire
FBN: 999512
Morgan & Morgan PA
111 2nd Ave. NE Suite 1600

St. Petersburg, FL 33701
Phone: 727-318-6357
Fax: 727-318-6382
abrum@forthepeople.com
sgibsonpeters@forthepeople.com
mcollier@forthepeople.com
Attorney for Plaintiff